UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ASHLEE HOLLIFIELD,

                Plaintiff,

v.

PASCO COUNTY, FLORIDA,

                Defendant.

CIVIL ACTION NO.:

## DEFENDANT'S NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant, Pasco County, Florida ("Pasco County"), by and through its undersigned attorneys, pursuant to 28 U.S.C. §§ 1331, 1441, 1446, and 1367, hereby removes this action from the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida, to the United States District Court for the Middle District of Florida, Tampa Division, and in support of such removal states:

1.      Pasco County is the Defendant in this civil action filed in the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida, on or about December 3, 2019, titled *Ashlee Hollifield v. Pasco County, Florida*, Case No. 2019-CA-003721-ES (hereinafter, the "State Court Action").

2.      Plaintiff's Amended Complaint[1] alleges violations of the Pregnancy Discrimination Act of 1978 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et. seq.*; the Fair Labor Standards Act, 29 U.S.C. § 207(r)(1); and the Florida Civil Rights Act of 1992, Fla. Stat.

---

[1] Plaintiff filed an original complaint on November 13, 2019; however, this complaint was never served on Pasco County.

§§ 760.01 *et. seq.*  Because Plaintiff is asserting claims under two federal statutes, this action is subject to removal based on federal question jurisdiction pursuant to 28 U.S.C. § 1331.

3.    The Summons and Plaintiff's Amended Complaint in the State Court Action were served upon Pasco County via personal service on December 27, 2019.  (*See* Verified Return of Service attached hereto as ***Exhibit A***).  This removal petition is therefore timely, as it is filed within thirty (30) days after receipt of the Summons and Amended Complaint.  *See* 28 U.S.C. § 1446(b).

4.    The State Court Action is pending in the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida, and therefore, upon removal, venue properly lies in the U.S. District Court for the Middle District of Florida, Tampa Division, the federal court that has geographical jurisdiction encompassing the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida.

5.    Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Defendant are attached hereto as composite ***Exhibit B.***

6.    Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice will be served on Plaintiff, the only adverse party, and a copy of this Notice will also be filed with the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida, a copy of which is attached hereto as ***Exhibit C***.

## Federal Question Jurisdiction

7.    This action is properly removable to federal court because Plaintiff's Amended Complaint presents a federal question pursuant to 28 U.S.C. § 1331, inasmuch as Plaintiff alleges violations of two federal statutes, 42 U.S.C. §§ 2000e *et. seq.* and 29 U.S.C. § 207(r)(1).

8.    Therefore, removal is appropriate pursuant to 28 U.S.C. § 1441.

## **Supplemental Jurisdiction**

9.      Plaintiff also alleges violations of Chapter 760, Florida Statutes. The state law claim is within this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

10.     Plaintiff's state law claim is significantly based upon the same set of facts alleged in support of Plaintiff's claims under federal law, and presents substantially the same legal issues. Plaintiff's state law claim is so related to her claims under federal law that they form part of the same case and controversy under Article III of the United States Constitution. Accordingly, pursuant to 28 U.S.C. § 1367(a) and § 1441(a), this Court should exercise its supplemental jurisdiction over Plaintiff's state law claim. *See, e.g., Castellanos v. Starwood Vacation Ownership, Inc*., No. 6:14-cv-396-Orl-40KRS, 2014 U.S. Dist. LEXIS 179696, at *5 (M.D. Fla. Dec. 23, 2014) (exercising federal subject matter jurisdiction over a Section 1981 claim and supplemental jurisdiction over discrimination and retaliation claims under the FCRA); *see also Keesee v. Bank of Am., NA*, 371 F. Supp. 2d 1370 (M.D. Fla. 2005) (stating that the "FCRA, Florida's anti-discrimination law, is patterned so closely after Title VII that the two acts are considered essentially co-extensive"), *quoting Harper v. Blockbuster Entm't, Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998).

11.     Further, Plaintiff's state law claim does not involve novel or complex state law issues, and the single state law claim does not substantially predominate over the two federal law claims. *See* 28 U.S.C. § 1367(c).

WHEREFORE, on the basis of the foregoing, Defendant, Pasco County, respectfully submits that removal of this action from the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida to this Court is proper.

Dated this 16th day of January, 2020.

Respectfully submitted,

FORDHARRISON, LLP

By:/s/ Cymoril M. White

    Tracey K. Jaensch, B.C.S.
    Florida Bar No. 907057
    tjaensch@fordharrison.com
    Emily Chase-Sosnoff
    Florida Bar No. 1013901
    echase-sosnoff@fordharrison.com
    Cymoril M. White
    Florida Bar No. 1019025
    cwhite@fordharrison.com
    101 E. Kennedy Boulevard, Suite 900
    Tampa, Florida 33602-5133
    Telephone: (813) 261-7800
    Facsimile: (813) 261-7899

    *Attorneys for Defendant, Pasco County, Florida*

## CERTIFICATE OF SERVICE

I HERBY CERTIFY that on January 16, 2020, the foregoing document was electronically filed via with the Clerk of Court using CM/ECF, which will electronically send a notice of electronic filing to the attorney of record for Plaintiff:

Christopher D. Gray
Florin, Gray, Bouzas, Owens, LLC
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
chris@fgbolaw.com

    */s/ Cymoril M. White*
    Attorney for Defendant, Pasco County, Florida

WSACTIVELLP:11206057.1